### VOLLMER v. PLAGE.

### PLAGE v. PLAGE et al.

### (District Court, E. D. New York. April 27, 1911.)

1. BANKRUPTCY (§§ 164, 181*)—PREFERENCES—PAYMENTS—TRANSFERS.

The father of one of the members of a bankrupt firm had made loans to it on notes, one of which was due March 1, 1909, and the other on the 16th following, or out of the next payment received by the bankrupts on a particular job of work. On March 3d, 13 days before bankruptcy, the firm paid such notes in cash, the holder having knowledge that the firm then was or had been for some time insolvent, and that they could not complete the work on which they were then engaged, unless some fortuitous or unexpected profitable contract of large proportions could be obtained. After such indebtedness had been paid, the son conveyed to his father an undivided one-third interest in real estate which was subject to a life estate of the father and also a right of dower, receiving therefor $250; this sale being made to avoid a sale by payment of a judgment

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against the son. *Held*, that the transfers, regarded as a single transaction, were both subject to vacation at the instance of the bankrupt's trustees as preferences, except that the transfer of the interest in the real estate would be regarded as security for the consideration paid.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 267, 259; Dec. Dig. §§ 164, 181.*]

2. BANKRUPTCY (§ 181*)—VALIDITY OF TRANSFER FOR VALUABLE CONSIDERATION—INTENT TO DEFRAUD.

A transfer by a member of a bankrupt firm for a valuable consideration, which becomes a part of the bankrupt's estate, is not void, unless made with intent to defraud other creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 259; Dec. Dig. § 181.*]

Action by Henry Vollmer, as trustee in bankruptcy of Frederick Plage, individually and as a member of the firm of Young & Plage, and by Henry Plage as trustee in bankruptcy of Frederick Plage, individually and as a member of the firm of Young & Plage, against Henry and Frederick Plage. Decree for complainants.

Kiendl Bros. (James E. Smyth, of counsel), for complainants.
Simon Abrahamson (Ralph K. Jacobs, of counsel), for Henry Plage.
Ralph K. Jacobs, for Frederick Plage.

CHATFIELD, District Judge. Each of these actions is brought by the trustee in bankruptcy to recover property transferred by the copartnership of Young & Plage, before the filing of a voluntary petition by that firm and its members individually, upon the 16th day of March, 1909.

[1] In the action against Henry Plage alone, an attempt is made to set aside as preferential a payment of $1,640 by the two bankrupts to the defendant, the father of one of the bankrupts, upon the 3d day of March, 1909, or 13 days before the filing of the petition. This sum of $1,640 took up a note dated December 1, 1908, for the sum of $1,100, and another note for the sum of $540, dated February 16, 1909, each of which notes was payable at the Twenty-Sixth Ward Branch of the Mechanics' Bank; the $1,100 note being due March 1, 1909, and the $540 note being due one month after date, or March 16, 1909, "or out of next payment on job Moffatt St. and Condit Ave." The second action was brought to set aside the transfer of an interest in real estate devised to the bankrupt Frederick Plage by the will of his mother, by which will he was given a one-third interest in the property, subject to the life estate of his father. Upon the 12th day of March, 1909, the bankrupt Frederick Plage delivered a deed covering his interest in said premises for the sum of $250 to his father, one of the defendants, which was duly recorded upon the following day in the register's office of Kings county. At the time of making this transfer, this property belonging to Frederick Plage was subject to the dower right of his wife, and, according to the testimony introduced, no market existed in which a disposal of such an undivided interest, subject to both life estate and a right of dower, could bring forth any substantial offer whatever. The trustee in bankruptcy has introduced testimony showing that the firm of Young & Plage had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been in business for about a year, and had lost, as was shown by the testimony, some $10,000 upon four or five contracting jobs, with the result that at the time of filing the petition in bankruptcy they remained in possession of substantially no assets, and had liabilities of approximately $27,000.

The father, Henry Plage, is shown by the testimony to have advanced money to the firm, and evidently was interested in establishing his son in business. He was careful to arrange, as between himself and the partners, that his advances should be paid out of the proceeds of specific jobs or from expected payments upon those jobs, and he seems to have known not only the details as to when the firm would receive money, but to have been aware that, unless he obtained money before it was available for other creditors, he was not likely to get the payment which he expected. In fact, the payments sought to be set aside as preferential were made at a meeting under circumstances which of themselves arouse suspicion, and the payments were made in cash instead of through the firm's bank account. It would appear that the members of the firm, and also the defendant Henry Plage, were anticipating attempts on the part of other creditors to get hold of the funds which Mr. Plage did receive, and there is much evidence to support the claim that both the defendant Henry Plage and the two bankrupts were aware of the actual condition of the firm's finances, and knew that the firm was and had been for some time insolvent, and that they could not complete the work upon which they were engaged unless some fortuitous and unexpected profitable contract of large proportions might be obtained. The payment of the two notes in question disposed of Henry Plage's claims against the firm, and at the time the interest in the real estate was conveyed to him he was not a creditor, so far as the bankrupts were concerned. If the real estate in question had been transferred to an outsider for what would appear to be a genuine purchase price of $250, it would be impossible to hold that the deed given upon the 12th of March was fraudulent. The consideration of $250 was a present consideration. It was used by the bankrupts for the purpose of defraying the expenses of the bankruptcy proceeding, and also of paying off a creditor who was about to levy upon the real estate in question. Neither of the uses to which this money was put would be of a sort such as by itself to make it necessary to set aside the sale of the house.

[2] A transfer for a valid consideration, which consideration goes into the bankrupt estate, is not void, unless it be done with the intent to defraud other creditors.

According to the greatest estimate which is placed upon the value of this property, the bankrupt Plage's interest therein was worth to him only what he could get from one of his fellow owners, to avoid a sale on a judgment then threatened, or to effect a $250 loan. To hold that a consideration of $250 by one of the other parties interested in order to avoid the levy by the sheriff is of itself fraudulent would seem to be contrary to the opinion of the courts in similar cases, as well as to common knowledge. The only cloud that is thrown upon the bona fides of this transaction arises from the fact that the sale was made

to Henry Plage, the father, who must be held to have known at that time that he was buying in property which would shortly be claimed by other creditors, and that, if his purchase were shown to have been made in order to save the property for the bankrupt, the transfer would be palpably fraudulent, and hence void.

The whole question turns substantially upon the adequacy of the amount paid. It is natural to suppose that under such circumstances the parties would transfer the property for the smallest amount of cash which might pass scrutiny as an adequate consideration. If Henry Plage's other claims had not been paid prior to this time, the same question of adequacy of consideration would have to be disposed of in this suit, for the transfer of the real estate would then be open to attack as a preferential payment to a creditor. But, under all the circumstances, it would appear that, if put up at auction, no bid greater than the $250 paid would probably be obtained, unless some creditor saw fit to bid the price up against the other joint owners of the premises. The success of such bidding is too doubtful to justify the court in directing that the transfer be set aside in order to have the interest of the bankrupt in the real estate offered for sale again. But the deed of this property to Henry Plage was undoubtedly taken by him in preference to accepting the interest of his son as security for a loan, and also with the idea on his part of protecting the property and avoiding loss from the possibility of a sale. His debt had been paid, and he must have had in mind the likelihood that the payment of the notes would be attacked. If the payment of the notes be considered fraudulent, then the sale of the interest in the real estate was in a sense an additional precaution, or an additional preference, in that it gave Henry Plage some security which he would not have otherwise had, and he acquired this security in return for the small expenditure of $250.

Under these circumstances, it would seem that the two transactions and the two actions should in a sense be treated as one. In the action to set aside the payment of the notes as preferential, a decree should be granted to the trustee with the costs and disbursements. In the action to set aside the transfer of the real estate, the trustee may also have a decree, to the effect that the transfer was valid only to the extent of being security for a payment of $250, and setting aside that transfer (except to the extent of that amount) with costs.

In the event, however, that the decree setting aside the $1,640 payment be satisfied, and if no offer for more than $250 can be obtained for the interest of the bankrupt Plage in the real estate concerned, then the action to set aside the transfer of his interest in that real estate will be dismissed without costs.